20063. PEEK *et al. v.* IRWIN, administrator.

BROYLES, C. J. "1. It is not the duty of executors in a putative will to probate the same in solemn form, where it has not been previously probated in common form, and not then unless they are cited by the heirs, or others entitled to do so, to propound the instrument in solemn form."

"2. When a person who is named as executor in an instrument purporting to be a will offers it for probate in solemn form, without having probated it in common form, and is met with a contest, he has before him two alternatives, either of which he may adopt. He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself. If he pursues the latter course and joins issue with the contestants of the paper which he offers for probate, he does so with the knowledge that he may be beaten in the contest, and that he will be liable for attorney's fees and costs incurred by him if he is defeated in probating the in-

strument, which risk he may avoid by transferring the burden of the contest to those who are beneficially interested in procuring the probate, or by demanding indemnity from them. Unless he so transfers the burden of the contest to those who are beneficially interested in procuring the probate, or takes indemnity from them, he will be personally liable for such attorney's fees and expenses, and the same will not be paid out of the estate of the putative testatrix."

3. "The fact that the instrument propounded can not, for any reason, be probated in common form does not alter the rule above stated. In such a case the propounder will not be entitled to compensation for attorney's fees and costs incurred by him, when the instrument propounded is denied probate in solemn form."

4. On certiorari the foregoing rulings were made by the Supreme Court in this case, and the former judgment of this court (40 *Ga. App.* 624, 150 S. E. 871), reversing the judgment of the trial court, was reversed. 171 *Ga.* 375 (155 S. E. —). The former judgment of this court is hereby vacated, and it is now held that the petition failed to set out a cause of action and that the trial judge properly dismissed it on general demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided November 11, 1930.

*J. H. McCalla, M. D. Irwin,* for plaintiffs.
*George & John L. Westmoreland, Joseph M. Jones,* for defendant.